**ESTATE of Elfrida G. SIMMIE, Deceased, James H. Hays, Executor, Petitioner–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 78–3622.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1980.

Decided Nov. 5, 1980.

Eugene J. Brenner, Janin, Morgan & Brenner, San Francisco, Cal., argued for petitioner–appellants; Michael L. Curtis, San Francisco, Cal., on brief.

Gary Allen, Atty., Dept. of Justice, Washington, D.C., argued for C.I.R.; Mary L. Jennings, Atty., Dept. of Justice, Washington, D.C., on brief.

Before KILKENNY and KENNEDY, Circuit Judges, and GRAY, District Judge.*

KILKENNY, Circuit Judge:

This is an appeal by James H. Hays, Executor of the Estate of Elfrida G. Simmie, Deceased, from a judgment of the Tax Court in which appellant protested the determination by the Commissioner of an estate tax deficiency of $21,783.72 for the estate tax return filed November 24, 1971. The Commissioner determined that the value of the life estate owned by decedent, for the purpose of ascertaining her gross estate,

* The Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

should be fixed by utilizing valuation tables in existence at the date the life estate was received by the decedent, rather than on the basis of valuation tables in effect at the date of decedent's death. He also determined that certain United States Treasury Bonds (Flower Bonds) were includable in the gross estate at par value, rather than at their lower fair market value. The opinion of the Tax Court is reported at 69 T.C. 890 (1978). These are the sole issues involved.

## FACTS

■ The facts are fully stated in the stipulation of the parties and summarized in the decision of the Tax Court, *Estate of Simmie v. Commissioner*, 69 T.C. 890 (1978), in which the Tax Court held in favor of the Commissioner on each issue. We have carefully examined the opinion of the Tax Court on the proper valuation to be placed on the life estate and the proper valuation to be placed on the "Flower" bonds and, because we find no error, it is unnecessary to repeat the discussion contained therein.

■ In reaching this result, we note that "Opinions of the Tax Court reflect 'that degree of special expertise which Congress has intended to provide in that tribunal.' *Sibla v. Commissioner*, 611 F.2d 1260, 1262 (9th Cir. 1980). Therefore, we 'should not overrule that body, unless some unmistakable question of law mandates such a decision.' *Id.*" *Max Sobel Wholesale Liquors v. Commissioner*, 630 F.2d 670 (9th Cir. 1980).

For the reasons stated in the decision of the Tax Court, we affirm.

IT IS SO ORDERED.