ANDREW H. TOMPKINS, APPELLANT, *v.* BUTTRUM CONSTRUCTION COMPANY OF NEVADA, AND NEVADA STATE BANK, SPECIAL ADMINISTRATOR WITH GENERAL POWERS, RESPONDENTS.

No. 13463

March 9, 1983                                               659 P.2d 865

*Lionel Sawyer & Collins,* and *Evan J. Wallach,* Las Vegas, for Appellant.

*Peter L. Flangas; Bell, Leavitt & Green,* Las Vegas, for Respondents.

*Albright, McGimsey & Stoddard,* Las Vegas, for Amicus Curiae.

## OPINION

*Per Curiam:*

Appellant owns a residence in an elite section of Las Vegas commonly known as Rancho Circle. Adjacent to his property is unimproved property owned by Elizabeth Wells. The properties owned by appellant and Wells, together with all other parcels in Rancho Circle, are subject to the following restrictive covenant:

> That portion of the 'Total Area' West of State Highway No. 5-C shall be used for single residential purposes only and shall not be subdivided into lots or building sites of less than forty thousand (40,000) square feet. No building shall be constructed upon the premises Westerly of State Highway No. 5-C in excess of one (1) story in height . . . .

Wells contracted to sell her property to respondent Buttrum Construction Company of Nevada (Buttrum). When appellant discovered that Buttrum had been issued a building permit and intended to construct a house on Wells' property, he initiated suit against Wells and Buttrum to enforce the 40,000 square

foot building site requirement as found in the restrictive covenant because the subject property contains only 30,974 square feet.[1] Thereafter, Buttrum moved for summary judgment on the grounds that the restrictive covenant was inapplicable and that it had been waived or abandoned. Wells joined in this motion.[2] The district court granted the motion for summary judgment and this appeal followed. We reverse.

The district court interpreted the restrictive covenant to mean that construction of a dwelling on a lot of less than 40,000 square feet is not prohibited where the lot has already been subdivided; therefore, since the undersized lot is already in existence the covenant is not applicable since no subdivision will be performed by Buttrum. Appellant contends that the lower court improperly construed the restrictive covenant. We agree.

The rules governing the construction of covenants imposing restrictions on the use of real property are the same as those applicable to any contract, *i.e.*, the words must be given their plain, ordinary and popular meaning. South Shore Homes Ass'n v. Holland Holiday's, 549 P.2d 1035, 1042 (Kan. 1976); Collins v. Goetsch, 583 P.2d 353, 355 (Hawaii 1978). Here the language of the convenant clearly states that the "total area" can only be used for single residential purposes and cannot be subdivided into lots or building sites of less than 40,000 square feet. We conclude that the plain, popular and commonly understood meaning of the language is that no residence can be constructed in Rancho Circle on a lot of less than 40,000 square feet. This construction of the restrictive covenant preserves the "total area" specified in the covenant, as a residential area with building sites of no less than 40,000 square feet. To construe the language so as to prohibit only subsequent purchasers of lots from subdividing their individual lots is an inordinate construction which would not preserve the dimensional integrity of Rancho Circle.

---

[1] During oral argument, counsel for appellant disavowed any intent on the part of his client to invoke his rights under the restrictive covenant in order to reduce the price of Wells' property to his own eventual advantage. In fact, counsel indicated that Tompkins would match the Buttrum price, thereby eliminating any such contention.

[2] Wells was joined as a party because the sale of her property had not yet been consummated and she remained the owner. In addition, during the pendency of this action, Wells died and her estate representative was substituted in as a party. For convenience, we will continue to use "Wells" to refer to her and her estate.

The district court also determined that since 1948, there have been five violations of the covenants and conditions and that these violations are so general and substantial as to constitute a waiver and abandonment of the restriction in question. We disagree for two reasons. First, the district court relied upon three violations of the covenant restricting the buildings to one story in height. However, the covenant at issue is one requiring a building site of not less than 40,000 square feet. Consequently, three of the five violations relied upon by the lower court in reaching its decision are irrelevant to the issue at hand and it was error for the district court to rely on the three height violations. Gladstone v. Gregory, 95 Nev. 474, 596 P.2d 491 (1979).

Secondly, in order to support a finding of abandonment, it must be shown that the lot owners in Rancho Circle acquiesced in substantial and general violations of the covenant within the restricted area. Western Land Co. v. Truskolaski, 88 Nev. 200, 495 P.2d 624 (1972); Gladstone v. Gregory, *supra.* We conclude that the two violations fail to indicate that the lot owners acquiesced in such "general and substantial" violations of the restrictive covenant so as to have abandoned the 40,000 square foot requirement. Of the two violations, one lot contains 37,888 square feet which is slightly in excess of 5 percent below the minimum lot size requirement of 40,000 square feet. The other non-conforming lot is significantly undersized with 27,844 square feet. However, of the 45 lots in Rancho Circle, this violation constitutes the only breach of any significance, and as such we hold that it is not sufficient to constitute an abandonment or waiver of the restriction since such abandonment "must be established by clear and unequivocal evidence of acts of a decisive nature." Lindner v. Woytowitz, 378 A.2d 212 (Md.App. 1977).

In addition, we have previously held that "[a]s long as the original purpose of the covenants can still be accomplished and substantial benefit will inure to the restricted area by their enforcement, the covenants stand . . . (Citations omitted.)" Western Land Co. v. Truskolaski, *supra* at 205; Zupancic v. Sierra Vista Recreation, 97 Nev. 187, 194, 625 P.2d 1177 (1981). Rancho Circle is a highly regarded and exclusive residential development in Las Vegas. The desire to preserve the privacy and exclusivity associated with these residences is a purpose which can still be accomplished and can also be recognized as having real and substantial value to the homeowners

within the restricted area. Therefore, the restrictive covenant should be enforced.

Next the district court concluded that a failure by the original subdividers to comply with restrictions of their own creation is not a violation of such restrictions. The district court relied upon the case of Western Land Co. v. Truskolaski, *supra,* in support of its conclusion.[3] We find that the lower court's position is unwarranted. The language from *Western Land Co.* which was used by the district court in support of its conclusion is merely dicta and does not in actuality support that conclusion. A close reading of that case reveals that one who creates a restriction is not permitted to violate it, as reflected by the following language:

> Even if this property is more valuable for commercial than residential purposes, this fact does not entitle the appellant to be relieved of the restrictions it created, since substantial benefit inures to the restricted area by their enforcement. (Citations omitted.)

*Id.* at 206. Therefore, we conclude that the respondents are required to comply with the restrictive covenant even though the original creators of the restriction may have failed to comply with it.

In view of our holding, it is unnecessary to consider other issues. Accordingly, we reverse and remand the case for further proceedings consistent with this opinion.

SPRINGER, STEFFEN, and GUNDERSON, JJ., and BARRETT, D. J.,[4] and ZENOFF, SR. J.,[5] concur.

---

[3]The language in *Western Land Co.* utilized by the district court, reads as follows: "Paragraph 3 of the restrictive agreement provides that no residential structure shall be placed on a lot comprising less than 6,000 square feet. Both lot 24 and 25 of block E contain less than 6,000 square feet and each has a house located on it. This could hardly be deemed a violation of the restrictions imposed by the appellant inasmuch as it was the appellant that subdivided the land and caused these lots to be smaller than 6,000 feet."

[4]The Governor designated the Honorable John W. Barrett, Judge of the Second Judicial District Court, to sit in the place of THE HONORABLE NOEL E. MANOUKIAN, Chief Justice. Nev. Const., art. 6, § 4.

[5]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE JOHN C. MOWBRAY, Justice, who voluntarily disqualified himself in this case. Nev. Const., art. 6, § 19; SCR 10.