**ANESTHESIA SERVICE MEDICAL GROUP, INC., Petitioner-Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.**

**No. 86–7291.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 1987.

Decided Aug. 18, 1987.

Raymond F. Zvetina, San Diego, Cal., for petitioner-appellant.

Gayle P. Miller, Washington, D.C., for respondent-appellee.

Before FERGUSON, BOOCHEVER and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Taxpayer Anesthesia Service Medical Group, Inc. (ASMG) appeals from the Tax Court's decision finding deficiencies in its tax payments in the years 1974 to 1979. ASMG, a California medical professional corporation, created an irrevocable trust (Trust) to cover medical malpractice claims against its employees. ASMG on appeal disputes the Tax Court's disallowance of its deductions for payments to the Trust and the court's attribution of Trust income to it.

■ The well-reasoned opinion of the Tax Court, 85 T.C. 1031 (1985), gives the background of this case, and we do not recount it. We review the Tax Court's application of the Internal Revenue Code to undisputed facts de novo, *Clougherty Packing Co. v. Commissioner*, 811 F.2d 1297, 1299 (9th Cir.1987), and we affirm for the reasons stated by the Tax Court.

■ Were the Trust established to pay malpractice claims brought against ASMG, ASMG's contributions to it would not be deductible. Amounts placed into self-insurance reserves are not deductible business expenses under I.R.C. § 162(a). *Clougherty Packing Co.*, 811 F.2d at 1300; *Spring Canyon Coal Co. v. Commissioner*, 43 F.2d 78 (10th Cir.1930) (employer's contributions to fund to cover workers' compensation claims against it are not deductible), *cert. denied*, 284 U.S. 654, 52 S.Ct. 33, 76 L.Ed. 555 (1931). Rather, the taxpayer must wait until a loss recognizable under I.R.C. § 165 occurs. *See Clougherty Pack-*

*ing Co.*, 811 F.2d at 1300. The reason for this rule is that a taxpayer is not considered to have incurred a deductible expense for payments in the current year when the funds remain available (and accruing income) to satisfy its obligations in later years. *See Spring Canyon Coal Co.*, 43 F.2d at 79. The Trust funds would constitute a "separate and distinct" non-wasting capital asset held for ASMG's benefit, the contributions to which are not deductible until a loss is actually incurred. *Cf. Commissioner v. Lincoln Sav. & Loan Ass'n*, 403 U.S. 345, 354–58, 91 S.Ct. 1893, 1899–1901, 29 L.Ed.2d 519 (1971) (taxpayer savings and loan association's payment of "additional premium," which might revert to the taxpayer and the income from which "inures to the benefit" of the taxpayer, constitutes a non-deductible payment to secure a capital asset; only when used to pay losses is payment deductible).

■ ASMG argues that the Trust provides for payments not of claims against it but rather of claims against its employees. We think this a distinction without significance. Under the doctrine of respondeat superior, ASMG is liable for the tortious acts of its employees committed within the scope of their employment. *Hinman v. Westinghouse Elec. Co.*, 2 Cal.3d 956, 959–60, 471 P.2d 988, 990, 88 Cal.Rptr. 188, 190 (1970). By distributing Trust funds for payment of claims against its employees [1] ASMG is able to satisfy malpractice claims for which it would also be liable. This continuing relief from liability requires that the Trust be treated as a nonwasting capital asset held for ASMG's benefit.[2] ASMG's payments to the Trust are not a

---

1. The Trust instrument provides that employees' eligibility for payment of claims brought against them is to be conclusively determined by a claims committee appointed by ASMG's Board of Directors.

2. ASMG argues that the Trust provided no real continuing benefit to it because it could always seek indemnity from its employees for their unauthorized negligent acts. *See generally Davidson v. Welch*, 270 Cal.App.2d 220, 226, 75 Cal.Rptr. 676, 680 (1969) (employer has right of indemnity against employees for their unauthorized negligent acts). Although this argument is appealing, we agree with the Tax Court's rejec-

tion of it. ASMG's right to indemnity for *authorized* negligent acts of its employees is dubious. Further, ASMG would have at best only a right of partial indemnity against its employees for acts for which it was also partially at fault. *See American Motorcycle Ass'n v. Superior Court*, 20 Cal.3d 578, 591–604, 578 P.2d 899, 907–16, 146 Cal.Rptr. 182, 190–99 (1978) (partial indemnity is based on comparative fault); *see also Davidson*, 270 Cal.App.2d at 226, 75 Cal.Rptr. at 680 (right of indemnity may be lost if indemnitee is guilty of serious wrongful conduct). Finally, the right to indemnity is not the same as recovery on that right: ASMG's right of indemnification from an insolvent employee would be of

business expense recognizable under I.R.C. § 162(a) and are not deductible until ASMG incurs a loss under I.R.C. § 165.

ASMG attempts to characterize its payments as deductible insurance premiums,[3] employee compensation, or contributions to an employee benefit plan. These types of deductible payments, however, are subcategories of deductible business expenses. The above analysis indicates that ASMG's payments are not a deductible business expense because they create a capital asset inuring to its continued benefit. Thus, the rationale for generally permitting the deduction of these types of payments—the employer's incurrence of a nonrecoverable expense—is not present here. *See Greensboro Pathology Assocs. v. United States,* 698 F.2d 1196, 1203 n. 6 (Fed.Cir.1982) ("critical inquiry" regarding immediate deductibility of employer contributions to nonqualifying employee benefit plan "is whether the funds in the plan may ever revert to or inure to the benefit of the company"); *Spring Canyon Coal Co.,* 43 F.2d at 79 ("While the primary purpose of the [workers' compensation reserve] fund is to secure employees in their compensation, payments from the fund discharged legal obligations of the employer" and therefore contributions to the fund are not deductible.).[4]

■ We also agree with the Tax Court that ASMG's ability to use Trust funds to discharge its potential vicarious liability requires taxing the Trust's income to ASMG. *See* I.R.C. § 677(a)(1), (2) (grantor shall be treated as owner of trust whose income in a nonadverse party's discretion may be dis-

tributed to or held for future distribution to the grantor); 3 B. Bittker, *Federal Taxation of Income, Estates and Gifts* ¶ 80.4.-1, at 80–38 ("The attribution to the grantor of income that is, or may be, used to discharge his legal obligations ... is a reasonable interpretation of IRC § 677(a); indeed, a contrary result would nullify the statutory rule by opening an escape hatch as wide as a barn door."). ASMG on appeal has abandoned its argument raised in the Tax Court that Trust income is not attributable to it because the Trust is either a voluntary employees' beneficiary association or an insurance company; we therefore do not reach these issues.

The judgment of the Tax Court is AFFIRMED.

---

little value. In all the above-mentioned cases, ASMG's use of Trust funds to pay claims against its employees—for which it would be liable under the doctrine of respondeat superior—would leave ASMG substantially better off financially than it would have been had the Trust not existed.

We do not decide whether ASMG's other continuing benefit from the Trust—the satisfaction of its state-imposed medical security obligations—would by itself require treating the Trust as an account held for its benefit.

**3.** Treas.Reg. § 1.162–1(a) provides for the deduction of "insurance premiums against fire, storm, theft, accident, or other similar losses in the case of a business." ASMG cites *Carnation Co. v. Commissioner,* 640 F.2d 1010, 1012 (9th

Cir.) (insurance involves risk shifting and risk distribution), *cert. denied,* 454 U.S. 965, 102 S.Ct. 506, 70 L.Ed.2d 381 (1981), and notes that ASMG's payments to the Trust shifted risk of the employees' malpractice liability to the Trust.

**4.** Rev.Rul. 58–238, 1958–1 C.B. 90, which held that an employer's contributions to a joint employee apprenticeship and training trust mandated by a collective bargaining agreement are deductible in the year of payment, is distinguishable. While the employer in that case would undoubtedly benefit from having better educated employees, the benefit was not nearly as great or direct as the relief ASMG enjoys from malpractice liability and the satisfaction of its state security obligations.