VALLEY MOTOR, INC., a Nevada Corporation; DONALD W. REED and SHIRLEY J. REED, Appellants, v. E. W. ALMBERG and VIVIAN ALMBERG; FRED FISHER and MAURINE FISHER; LARRY GILBRETSON and MARY GILBRETSON; THELMA HECKETHORN; GEORGE HERNANDEZ and DONNA HERNANDEZ; ANN HANSEN: A. Z. JOY and VIVIAN JOY; RICHARD R. REYNOLDS; DEAN STUBBS and JEAN STUBBS; and H. C. VOGLER and CHERYL VOGLER, Respondents.

No. 19907

May 30, 1990

792 P.2d 1131

*Gary D. Fairman and David R. Olsen,* Ely, for Appellants.

*Wilson and Barrows,* Elko, for Respondents.

## OPINION

By the Court, YOUNG, C. J.:

This is an appeal from a judgment of the district court permanently enjoining appellants from placing "'trailers,' also known as 'mobile homes,' also known as 'manufactured homes'" in a subdivision in the City of Ely commonly known as Mountain View Subdivision, Units 1 and 2 (hereafter "Mountain View").

The district court judgment was based upon a restrictive covenant applicable to Mountain View which provides that:

> 7. TEMPORARY STRUCTURES. No structure of a temporary character, trailer, basement, tent, shack, garage, barn, or other outbuilding shall be used on any lot as a residence at any time.

The district court alternatively ruled that the term "trailer" unambiguously included appellants' manufactured homes, and that assuming the term "trailer" was ambiguous, the drafters of the covenant intended the term to include appellants' manufactured homes.

At trial, conflicting evidence was presented on the issue of whether the drafters of covenant seven intended the term "trailer" to include appellants' homes. The district court found that the drafters did intend such a construction. The district court's finding of fact is supported by substantial evidence and will not be disturbed on appeal. NRCP 52(a); Sutherland v. Gross, 105 Nev. 192, 772 P.2d 1287, 1289-90 (1989).

This court has previously held that restrictive covenants will be enforced as long as the original purpose of the covenants can still be accomplished and substantial benefit will inure to the restricted area. Tompkins v. Buttrum Constr. Co., 99 Nev. 142, 145-46, 659 P.2d 865, 867 (1983). The evidence produced at trial supports respondents' contention that enforcement of covenant seven will maintain the exclusive character of Mountain View and facilitate the resale of respondents' homes. Therefore, the restrictive covenant should be enforced.

Because we hold that the district court's second basis for

granting the permanent injunction is sound, we need not address appellants' remaining contentions. Accordingly, we affirm the judgment of the district court.

STEFFEN and MOWBRAY, JJ., concur.

SPRINGER, J., with whom ROSE, J., concurs, dissenting:

The manufactured homes are constructed permanently on the building sites and cannot possibly come within the definition of "temporary structures" prohibited by section 7. These homes are not temporary structures nor are they "trailers." Although wheels are attached to a chassis for transportation purposes, the wheels are ultimately removed, and the homes permanently affixed to the real estate in the form of a "manufactured home." These homes are simply not trailers in any sense of the word.[1] I dissent.

---

[1]"Trailer. A separate vehicle, not driven or propelled by its own power, but drawn by some independent power." Black's Law Dictionary (5th ed. 1979).