The HARPER GROUP, and Includible Subsidiaries, Petitioners–Appellees,

v.

COMMISSIONER of INTERNAL REVENUE SERVICE, Respondent–Appellant.

No. 91–70576.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1992.

Decided Nov. 5, 1992.

John A. Dudeck, Jr., and Gary R. Allen, U.S. Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., for respondent-appellant.

Paul J. Sax and William L. Riley, Orrick, Herrington & Sutcliffe, San Francisco, Cal., for petitioner-appellee.

**1342**

Before: POOLE, FERNANDEZ, and T.G. NELSON, Circuit Judges.

FERNANDEZ, Circuit Judge:

The Harper Group (Harper) and certain of its domestic subsidiaries purchased insurance policies from Rampart Insurance Co., Ltd. (Rampart) and deducted the premiums for income tax purposes. Rampart is a wholly owned subsidiary of two of Harper's subsidiaries. The Commissioner of Internal Revenue (Commissioner) determined that because of the relationship among the parties the transactions did not constitute insurance. A notice of deficiency was issued by the Commissioner, and Harper and its subsidiaries petitioned the Tax Court for a redetermination. The Tax Court found that the transactions were insurance.[1] It, therefore, held against the Commissioner who now appeals. We affirm.

In *AMERCO, Inc. v. Commissioner*, 979 F.2d 162 (9th Cir.1992) we decided that it is possible to have a true insurance transaction between a corporation and its wholly owned insurance company if that captive does substantial unrelated insurance business. Likewise other members of the corporate group can have true insurance transactions with the captive. The result is that insurance premiums paid by the parent or the other members of the group are deductible by them. The only relevant way in which this case differs from *AMERCO* is that here the unrelated business of the captive was from 29 percent to 33 percent of its total business, rather than the 52 percent to 74 percent found in *AMERCO*.

Prior cases which have found true insurance have also included higher percentages of unrelated business than those found here. *See Sears Roebuck & Co. v. Commissioner*, 972 F.2d 858, 860 (7th Cir.1992) (99.75 percent from others); *Ocean Drilling & Exploration Co. v. United States*,

24 Cl.Ct. 714, 730 (1991) (44 percent to 66 percent from others).

Cases which have found no true insurance have found much lower percentages of unrelated business. *See, e.g., Beech Aircraft Corp. v. United States*, 797 F.2d 920, 921–22 (10th Cir.1986) (.5 percent from others); *Gulf Oil Corp. v. Commissioner*, 89 T.C. 1010, 1028 (1987) (2 percent from others), *rev'd in part on other grounds*, 914 F.2d 396 (3d Cir.1990); *Clougherty Packing Co. v. Commissioner*, 811 F.2d 1297, 1299 (9th Cir.1987) (none from others).

Thus, it is undoubtedly true that the existence of insurance is obvious in some cases. Moreover, there is a point at which the amount of outside business is insubstantial, so true insurance does not exist.

The Tax Court found that the point of insubstantiality had not been reached in this case. We cannot say that it committed clear error in so deciding.

AFFIRMED.

---

1. *Harper Group and Includible Subsidiaries v.*     *Commissioner*, 96 T.C. 45 (1991).