# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HOWARD HOWE, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>BLUE BELL CREAMERIES, L.P., A<br>DELAWARE LIMITED PARTNERSHIP,<br>Respondent. | No. 73216 **FILED** |
| HOWARD HOWE, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>BLUE BELL CREAMERIES, L.P., A<br>DELAWARE LIMITED PARTNERSHIP,<br>Respondent. | No. 74354 |

MAR 28 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

These are consolidated appeals from a district court order granting summary judgment and an award of attorney fees in an action for declaratory relief. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Blue Bell Creameries, L.P. (Blue Bell) is an ice cream and frozen novelties manufacturer. Blue Bell purchased a parcel of land in the Ridge View Industrial Complex (Ridge View), located in Henderson, Nevada. Blue Bell plans to use this parcel of land to operate a distribution center. This distribution center would act as both a warehouse and an office, and it would house 18-22 trucks that would be used to deliver goods to retailers throughout Las Vegas. Additionally, the distribution center would have a 10,000 gallon above ground fuel storage tank located on the parcel.

Blue Bell's parcel is subject to two sets of covenants, conditions, and restrictions (CC&Rs). First, the parcel is subject to the Grant of

19-13823

Reciprocal Easements and Declaration of Covenants, Conditions, and Restrictions of Ridge View Industrial Park (the Ridge View Declaration). The Ridge View Declaration expressly prohibits: (1) using any portion of a parcel for "refining, storage, or distribution of petroleum," and (2) using any portion of the parcel for a truck or bus terminal. Second, the parcel is also subject to the Four Kids Industrial Park Declaration of Protective Covenants (the Four Kids Declaration). Ridge View is located within Four Kids Industrial Park, and therefore, all parcels within Ridge View are subject to the Four Kids Declaration.

After Blue Bell signed the purchase agreement, it applied for a conditional use permit with the City of Henderson for its above ground fuel storage. The City of Henderson approved the conditional permit, but specified that it was making no determination as to whether the fuel storage was allowed under the Ridge View Declaration. After this approval, Howard Howe, an owner of another parcel in Ridge View, sued Blue Bell for declaratory relief and breach of the Ridge View Declaration. After discovery was completed, both Blue Bell and Howe filed competing motions for summary judgment. Ultimately, the district court granted summary in Blue Bell's favor and denied Howe's motion for summary judgment. Howe now appeals. We reverse the district court because the plain language of the Ridge View Declaration prohibits Blue Bell's 10,000 gallon fuel storage tank and the housing of the 18-22 trucks on the parcel.

*The district court erred in granting summary judgment in Blue Bell's favor*

We review the district court's grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). If there are no genuine issues of material fact, and the "moving party is entitled to judgment as a matter of law," then we will affirm the district

SUPREME COURT
OF
NEVADA

(O) 1947A

2

court's grant of summary judgment. *Id.* Further, interpretation of CC&Rs is also subject to de novo review. *Horizons at Seven Hills v. Ikon Holdings,* 132 Nev. 362, 372, 373 P.3d 66, 73 (2016)

In interpreting CC&Rs we look to the same rules governing the construction and interpretation of contracts. *Id.* As such, the words of a CC&R "must be given their plain, ordinary and popular meaning." *Tompkins v. Buttrum Constr. Co. of Nev.,* 99 Nev. 142, 144, 659 P.2d 865, 866 (1983). When a contract is plain and unambiguous, courts cannot look to extraneous evidence to explain the contract's meaning. *Kaldi v. Farmers Ins. Exch.,* 117 Nev. 273, 281, 21 P.3d 16, 21 (2001). However, when a contract term or provision is ambiguous, the court can look to extrinsic evidence to clarify the ambiguous terms or provisions. *Ringle v. Bruton,* 120 Nev. 82, 91, 86 P.3d 1032, 1037 (2004) ("[P]arol evidence is admissible to . . . clarify ambiguous terms so long as the evidence does not contradict the terms of the written agreement.").

In the district court, Blue Bell submitted an expert report in which its expert presented an argument for how the Ridge View Declaration should be interpreted. Throughout its brief, and in its motion for summary judgment in the district court, Blue Bell insisted that its expert testimony was the only admissible evidence. The interpretation of CC&Rs is a question of law for the district court to determine. The district court only needs to consider the expert report if the CC&Rs are ambiguous. Nothing in the record indicates that the applicable provisions of the Ridge View Declaration are ambiguous.

Turning to the text of the Ridge View Declaration, two sections are in dispute. First, the Ridge View Declaration prohibits any portion of the parcel to be used for "the refining, storage, or distribution of petroleum."

Supreme Court
OF
Nevada

(O) 1947A

3

Second, the Ridge View Declaration prohibits any portion of the parcel to be used for a "truck or bus terminal." These terms are not defined in the Ridge View Declaration, and thus must be afforded their plain, ordinary, and popular meaning. *See Tompkins*, 99 Nev. at 144, 659 P.2d at 866.

The provision of the Ridge View Declaration that prohibits "refining, storage, or distribution of petroleum" is clear and unambiguous. Storage is defined as "[t]he act of storing goods." *Storage, Webster's II New College Dictionary* (2011). Store is defined as "a supply reserved for future use." *Store, Webster's II New College Dictionary* (2011). It is undisputed that Blue Bell plans to store diesel fuel in its 10,000 gallon above ground fuel storage tank. Diesel is a petroleum product, and thus, its storage is expressly prohibited by the Ridge View Declaration.

Additionally, the provision of the Ridge View Declaration that prohibits any portion of a parcel from being used for a "truck or bus terminal" is clear and unambiguous. Ordinarily, "terminal" is defined as "A station at [either end of a carrier line] or at a major juncture of such a [carrier] line." *Terminal, Webster's II New College Dictionary* (2011). It is undisputed in the record that this distribution center would be the final stop in the carrier line before the products are delivered to their final destination with the retailers. Further, this comports with the City of Henderson Development Code, which defines the term "trucking terminal," as "storage and distribution facilities having more than 6 heavy trucks on the premises." City of Henderson Development Code § 19.5.6(3)(a) (2019). A heavy truck is defined as a truck "with a rating of more than 10,000 pounds or an unladen weight of more than 6,000 pounds." *Id.* It is undisputed that Blue Bell will house 18-22 trucks, and that these trucks will weigh enough

to fall into the heavy truck category. Thus, Blue Bell's housing of route trucks also violates the Ridge View Declaration.

In an attempt to mitigate the Ridge View Declaration's restrictions against truck terminals, Blue Bell attempts to use a provision in the Four Kids Declaration to argue that Blue Bell's use of trucks is allowed as an accessory use of warehousing. We disagree with Blue Bell's interpretation. The Four Kids Declaration states, in relevant part, that: "Four Kids Industrial Park is hereby restricted to office, financial, research, warehousing and light and medium manufacturing operations and accessory uses . . . ." The Four Kids Declaration also contemplates loading and unloading of goods within the Four Kids Industrial Park. However, when two documents are governing the same subject matter or property, we must give effect to both documents. *See Carnation Co. v. Comm'r of Internal Revenue*, 640 F.2d 1010, 1013 (9th Cir. 1981) ("[R]elated documents must be considered together."). The Ridge View Declaration states that when there is a conflict between provisions in the Ridge View Declaration and the Four Kids Declaration that the more restrictive provision governs. The Ridge View Declaration is more restrictive in expressly disallowing the parcel to be used for truck terminals. Thus, the district court erred in relying on the Four Kids Declaration and in granting summary judgment in favor of Blue Bell.

*Howe does not have unclean hands that bar him from receiving relief*

In the alternative, Blue Bell argues that Howe's unclean hands bar him from receiving declaratory relief. We disagree with this argument.

The doctrine of unclean hands demands that one have clean hands when she comes to a court seeking equity. *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 629, 637, 189 P.3d 656, 662 (2008). A party has

SUPREME COURT
OF
NEVADA

(O) 1947A

unclean hands when she engages in serious misconduct in connection to the litigation that she is bringing. *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 124 Nev. 272, 275, 182 P.3d 764, 766 (2008). This court looks to two factors to determine whether a party's misconduct is serious enough to bar equitable relief under the unclean hands doctrine. *Id.* at 276; 182 P.3d at 767. The court looks to "(1) the egregiousness of the misconduct at issue, and (2) the seriousness of the harm caused by the misconduct." *Id.*

Here, the district court did not consider the unclean hands doctrine because it granted summary judgment in favor Blue Bell based on its interpretation of the CC&Rs. However, it is clear from the undisputed facts in the record that Howe does not have unclean hands. The crux of this dispute centers on whether Howe storing two gallons of gasoline on his parcel constitutes egregious misconduct that precludes him from receiving declaratory relief. Storing two gallons of gasoline is a minor violation of the Ridge View Declaration, which Howe promised, under oath, to cease immediately. It is not egregious misconduct. Further, the record indicates that Howe's storage of gasoline caused no harm to anyone. Thus, this misconduct is not serious enough to bar Howe's request for relief under the unclean hands doctrine. Accordingly, we conclude that the district court erred in granting summary judgment in Blue Bell's favor. Because the Ridge View Declaration is clear and unambiguous in its prohibition of a petroleum storage tank and distribution trucks, and Blue Bell does not argue that there are any genuine issues of material fact concerning Howe's motion for summary judgment, we conclude that the district court erred by

denying Howe's motion for summary judgment. Therefore, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Joanna Kishner, District Judge
     Stephen E. Haberfeld, Settlement Judge
     Semenza Kircher Rickard,
     Fennemore Craig, P.C./Las Vegas
     Eighth District Court Clerk

---

[1]Additionally, since the district court erred in granting summary judgment in Blue Bell's favor, we hold that Blue Bell is no longer the prevailing party and therefore the order granting attorney fees is hereby vacated.