[No. 25084. Department Two. August 2, 1934.]

*In the Matter of the Estate of* EDWIN P. JONES,
*Deceased.*

HARRY H. KRANT *et al., Respondents,* v. PEARL BROOKS,
*Appellant.*[1]

*Samuel C. Converse, O. H. Carpenter, Anton L. Anderson,* and *Elton B. Jones,* for appellant.

*James C. McKnight,* for respondents.

TOLMAN, J.,—This is a will contest, in which the contestants prevailed in the trial court. The contestee, who was the sole beneficiary under the will and the sole executrix thereof, has appealed.

The controlling questions are questions of fact only. The trial court found:

"That on the 13th day of August, 1931, the said Edwin P. Jones duly executed his last will and testament at Seattle, King County, Washington, in the presence of James C. McKnight and T. M. McKnight, competent subscribing witnesses thereto; that said witnesses attested said document in the presence of the said Edwin P. Jones and at his request and in the presence of each

[1]Reported in 34 P. (2d) 1111.

other and published said instrument as and declared it, to said witnesses, to be his last will and testament; that the said Edwin P. Jones was at the time he so executed said instrument above the age of minority, to-wit: about the age of sixty-nine years, and of sound mind and not under duress, menace, fraud or undue influence or in any other respect incompetent to execute the same; that said will was never destroyed by said Edwin P. Jones or any one else but is still in existence and was filed herein on the 2nd day of November, 1933; that in said will one Clarence D. Jones, a son of the said Edwin P. Jones was named but not provided for, and said contestants were made the sole beneficiaries of the said Edwin P. Jones and the said Clifford M. Weigel was named as its executor without bond or court intervention; that said contestants are interested parties herein; and that the petition contesting said validity of the said will probated herein on said 23rd day of December, 1931, as the last will and testament of the said Edwin P. Jones, deceased, was served and filed herein before the expiration of six months after said 23rd day of December, 1931.

"That said probated will [the will now under contest] was executed on the 16th day of December, 1931; that the said Edwin P. Jones died on the following day; that at the time of the execution of said probated will the said Edwin P. Jones was not in possession of sufficient testamentary capacity to execute a will and was incompetent to do so; that prior to the making of said probated will the free agency of the said Edwin P. Jones in the execution of a will had been destroyed by the undue influence of the said Pearl Brooks and that at the time of said execution of said probated will the said Edwin P. Jones was still under said undue influence of the said Pearl Brooks; and that said probated will was not, in fact, the will of the said Edwin P. Jones but that it contains and embraces the ideas of the said Pearl Brooks rather than those of the said Edwin P. Jones and that it does not represent his wish or desire as to the final disposition of his estate."

It is well settled law in this state that, in order to overcome a will, the testimony must be cogent and

convincing. *In re Geissler's Estate,* 104 Wash. 452, 177 Pac. 330; *In re Roy's Estate,* 113 Wash. 277, 193 Pac. 682; *In re McCombs' Estate,* 164 Wash. 339, 2 P. (2d) 692. Which means, of course, that the evidence must be such as to clearly convince the trier of the facts.

The trial court heard and saw the witnesses, and in his memorandum opinion, as well as his findings of fact, it rather clearly appears that he gave little or no credence to the testimony of the appellant and her principal witness.

We have read the abstract with care, making frequent and extended excursions into the statement of facts in order to obtain further light, but we have not had the privilege of seeing and hearing so as to judge of the credibility of those who testified. Were we to accept the testimony, as it appears in the record, at its face value, making allowance only for the ordinary frailty of the human memory, it would be difficult for us to say that the respondents have established their case by the necessary preponderance, under the rule which we have already cited. On the face of the cold record, the testimony seems somewhat evenly balanced, but the record does reveal some things which cast doubt upon the testimony given on behalf of the appelant, as also it reveals the explanations made as to some of these doubtful points, but the record does not reveal the appellant's appearance and manner upon the witness stand, nor that of other witnesses in her behalf; and we are left with no certain guide to the truth except as we may rely upon the judgment of the trial court.

In a case such as this, which turns upon the credibility of the witnesses, the judgment of the trial court ought not to be, and cannot be, ignored. In the performance of his high duty to arrive at the truth and in the absence of any suggestions of bias or prejudice,

we must assume that the improbabilities of the story told, together with the appearance of the witnesses and their manner of testifying, clearly enabled the court to separate the false from the true, and to arrive at a just result.

The judgment is therefore affirmed.

BEALS, C. J., HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.