In one respect, I heartily concur with the prevailing opinion in that there was absolutely no proof of undue influence.
However, the only case cited in the prevailing opinion on any question involved is Roe v. Duty, 115 Wn. 313, 197 P. 47, where a contest of a will was dismissed by the lower court, affirmed by this court, and Main, J., writing the opinion, said: "Testimony to overcome the will must be cogent and convincing."
In a case where the facts were much stronger than this case to overturn the will, In re Jones' Estate, 178 Wn. 433,34 P.2d 1111, Tolman, J., said:
"In a case such as this, which turns upon the credibility of the witnesses, the judgment of the trial court ought not to be, and cannot be, ignored. In the performance of his high duty to arrive at the truth and in the absence of any suggestions of bias or prejudice, we must assume that the improbabilities of the story told, together with the appearance of the witnesses and their manner of testifying, clearly enabled the court to separate the false from the true, and to arrive at a just result."
"The right of a testator to dispose of his estate depends neither on the justice of his prejudices nor the soundness of his reasoning. He may do what he will with his own; and if there be no defect of testamentary capacity and no undue influence or fraud, the law will give effect to his will even though its provisions are unreasonable and unjust." In re Murphy's Estate,98 Wn. 548, 168 P. 175.
There was by no means as strong proof of incompetency in this case as in Points v. Nier, 91 Wn. 20, 157 P. 44, Ann. Cas. 1918A, 1046; White v. White, *Page 42 111 Wn. 354, 190 P. 1003; Roe v. Duty, supra; In rePeterson's Estate, 141 Wn. 619, 252 P. 139, and In reJones' Estate, supra.
All of these cases are disregarded and overruled subsilentio.
The reasoning to sustain this result is labored and cites no law or authority.
How it can be held in this case that the preponderance of evidence is contrary to the finding of the court below, is impossible for me to comprehend, in view of our well established rule.
The judgment should be affirmed.