[No. 27742. Department One. April 24, 1940.]

INCOME INVESTORS, INC., *Appellant*, v. CHAUNCEY W. SHELTON, *Respondent*.[1]

*Ballinger, Clark, Mathewson & Force,* for appellant.

*Clarence J. Coleman* and *Mifflin & Mifflin,* for respondent.

MAIN, J.—This action, as originally brought, was for the purpose of recovering a money judgment based upon an alleged account stated. The defendant, in his answer, pleaded usury as an affirmative defense against the complaint. The cause was tried to the court without a jury, and, after the issues made by the complaint

[1]Reported in 101 P. (2d) 973.

and answer had been tried out, the defendant moved for a dismissal. The trial court indicated, in its ruling, a belief that the motion was well taken. The plaintiff then asked permission to amend the complaint and proceed with the trial of the action as one for an accounting, stating, in effect, that that had been the original purpose. The trial then proceeded as one for an accounting, and resulted in findings of fact from which the court concluded that the plaintiff was not entitled to recover anything, and from the decree dismissing the action, it appeals.

The trial of the case occupied seven or eight days in the taking of testimony, the record is large, and there are many exhibits. No expert accountant who had gone over the books of the appellant was called as a witness as to what the books showed. In stating the facts, we shall, generally, follow the findings of the trial court.

The appellant, Income Investors, Inc., was a corporation organized under the laws of this state, with its principal place of business in the city of Seattle, where it carried on a general loan and finance business. In the same office with the appellant, there was a copartnership, known as Mayhall & Snyder, which also carried on a general loan and finance business.

In August, 1933, the appellant and the partnership agreed to advance a loan to the respondent at that time, and from time to time in the future, upon the security of written assignments of funds to become due from a certain trust estate of Baltimore, Maryland. It was orally agreed between the parties that there was to be charged against the account of the respondent, upon all sums so advanced during all of the period that the relations existed, interest at the rate of more than twelve per cent per annum.

Either the appellant or the partnership advanced

to the respondent, from November 20, 1933, to December 4, 1937, the sum of $11,101.51. During the period mentioned, the respondent paid, either to the appellant or the partnership, the sum of $8,377.69, which would leave a balance unpaid, exclusive of interest, in the sum of $2,723.82. The interest, charged at the rate of more than twelve per cent per annum, was approximately twenty-five per cent, and the amount of the usurious interest so paid, under the statutory deductions for usurious interest, exceeded the balance due upon the loan. The appellant and the partnership wilfully concealed, withheld, and falsified the books and records for the purpose of preventing a true accounting.

The appellant and the partnership are separate concerns, and the partnership assigned its loan account against the respondent to the appellant. The state of the records was such that it was impossible for the court to ascertain the true account of the amount belonging to the appellant and the partnership.

Two principal witnesses for the appellant were J. W. Wilson and G. R. Snyder. Prior to the time that the partnership ceased to do business, Wilson was employed by it and kept the books. Subsequent to the partnership's discontinuing in active business, Wilson was the managing agent of the corporation and continued to keep the books.

When the action became one for an accounting, it was one of equitable cognizance. The trial court found:

"That plaintiff and Mayhall & Snyder have wilfully concealed and withheld and falsified their books and records, both during the preliminary examination taken before trial, and also during the course of the trial for the purpose of preventing a true accounting and of the ascertaining of the amount of usurious interest charged and collected by plaintiff and Mayhall

& Snyder, and that plaintiff has not come into court with clean hands."

This finding is amply supported by the evidence.

■ It is a well-known maxim that a person who comes into an equity court must come with clean hands. A person may, by his misconduct, be precluded from a right to an accounting in equity by virtue of the maxim stated. 1 Am. Jur. 304, § 56; 1 C. J. S. 661, § 29; *Macauley v. Elrod,* 16 Ky. L. 549, 28 S. W. 782, 29 S. W. 734.

Equity will not interfere on behalf of a party whose conduct in connection with the subject matter or transaction in litigation has been unconscientious, unjust, or marked by the want of good faith, and will not afford him any remedy. 1 Pomeroy's Equity Jurisprudence (4th ed.), 739, § 398; *Dale v. Jennings,* 90 Fla. 234, 107 So. 175; *Bearman v. Dux Oil & Gas Co.,* 64 Okla. 147, 166 Pac. 199; *Deweese v. Reinhard,* 165 U. S. 386, 41 L. Ed. 757, 17 S. Ct. 340. Other authorities might be cited, but the rule appears to be universal.

If the parties were guilty of the conduct which the trial court found that they were, the appellant comes squarely within the rule that equity will deny it relief, because coming into a court of equity and asking relief after wilfully concealing, withholding, and falsifying books and records, is certainly not coming in with clean hands.

■ With reference to the testimony of Wilson, the court, in its oral opinion delivered at the conclusion of the trial, stated:

"The testimony of Mr. Wilson as to the exhibits and their preparation has been so contradictory that I can not place any reliance upon it. . . . "

Where the trial judge, after seeing and hearing the witnesses, states that he can give little or no credence

to the testimony offered by the party seeking relief, the judgment of the trial court upon appeal "ought not to be, and cannot be, ignored." *In re Jones' Estate,* 178 Wash. 433, 34 P. (2d) 1111; *Reagh v. Dickey,* 183 Wash. 564, 48 P. (2d) 941.

The necessary conclusion is that the appellant was not entitled to any relief in a court of equity as for an accounting. Having reached this conclusion, the question of usury becomes immaterial, inasmuch as the respondent is not asking for affirmative relief against the appellant.

The decree dismissing the action will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.