OPINION
 

 By the Court,
 

 Parraguirre, J.:
 

 This appeal presents us with the opportunity to clarify the circumstances under which the unclean hands doctrine will bar a party from obtaining an equitable remedy. We now conclude that the unclean hands doctrine should only apply when the egregiousness of the party’s misconduct constituting the party’s unclean hands and the seriousness of the harm caused by the misconduct collectively weigh against allowing the party to obtain such a remedy Applying our conclusion to this case, we reject appellant’s contention that its abuse of process judgment against respondent automatically barred respondent from obtaining a judgment against appellant based on unjust enrichment.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Appellant Las Vegas Fetish & Fantasy Halloween Ball, Inc. (LVFF), hosts an annual Halloween party, commonly known as the Fetish & Fantasy Halloween Ball. For its 1998 Halloween Ball, LVFF hired Signature Events, an event coordinating company, to manage the party. Signature’s duties included negotiating contracts with host venues, negotiating goods and services contracts, coordinating the provision of goods and services, and supervising event staff and personnel. The parties agreed that LVFF would compensate Signature for its services based in part on the number of tickets sold.
 

 After LVFF and Signature memorialized their agreement in a written contract, Signature proceeded to act on LVFF’s behalf. In particular, Signature arranged for respondent Ahern Rentals, Inc., to provide tents, tables, canopies, and other materials for LVFF’s
 
 *274
 
 1998 Halloween Ball. Signature and Ahern memorialized this agreement in a rental invoice.
 
 [1]
 

 Despite its agreement with Signature, Ahern never received payment for the rental equipment that it provided to LVFF. Ultimately, Signature went out of business, and Ahern sought payment directly from LVFF’s president, Jeffrey Davis. Based on Ahern’s initial requests for payment, Davis signed an individual confession of judgment for the unpaid balance in Ahern’s favor. After making several payments on this confession, however, Davis notified Ahern that he would be unable to make additional payments and that he intended to declare bankruptcy.
 

 Ahern then filed suit against LVFF to collect the unpaid balance, initially alleging causes of action for breach of contract, unjust enrichment, and monies due and owing. LVFF filed an answer and counterclaim for abuse of process, alleging that Ahern improperly pursued its breach of contract claim and willfully misrepresented the nature of the relationship between Ahern and LVFF. LVFF thereafter moved for summary judgment with respect to Ahern’s claims, arguing in part that no contract between LVFF and Ahern existed and that Ahern had fabricated evidence.
 

 In opposing LVFF’s motion, Ahern argued that it had not misled the court about the nature of its relationship with LVFF. Although Ahern conceded that it could not prove privity of contract, Ahern asserted that it still had a colorable claim for unjust enrichment.
 

 The district court ultimately granted LVFF’s motion for summary judgment in part and denied it in part. Specifically, the court found that while Ahern had abandoned its breach of contract claim, Ahern’s claim for unjust enrichment presented a genuine issue for trial.
 

 Following the resolution of LVFF’s summary judgment motion, three claims remained before the district court: Ahern’s claim for unjust enrichment, Ahern’s claim for monies due and owing, and LVFF’s claim for abuse of process. All three claims proceeded to a single, unified trial with a jury addressing LVFF’s legal claim and the court addressing Ahern’s equitable claims.
 

 At trial, the jury returned a verdict in LVFF’s favor on its abuse of process claim, awarding LVFF $1 in compensatory damages. Nevertheless, the district court found for Ahern on its unjust enrichment claim, awarding Ahern $11,100.
 
 [2]
 
 In making its equitable
 
 *275
 
 award to Ahern, the district court rejected LVFF’s post-trial contention that the jury’s verdict conclusively established Ahern’s unclean hands and consequently should have barred any equitable recovery. The district court also granted Ahern’s motions for attorney fees and costs. This appeal followed.
 

 DISCUSSION
 

 LVFF raises three arguments on appeal. First, LVFF contends that the unclean hands doctrine should have foreclosed Ahern from recovering for unjust enrichment as a matter of equity. Second, LVFF argues that the district court abused its discretion in awarding attorney fees to Ahern. Third, LVFF asserts that the district court improperly awarded Ahern’s costs. We disagree with each of LVFF’s arguments and therefore affirm the judgment of the district court.
 

 The unclean hands doctrine did not serve as a bar to Ahern’s recovery for unjust enrichment
 

 LVFF argues that the jury’s abuse of process verdict and $1 compensatory damages award conclusively established Ahern’s “unclean hands” and should have served as a bar to Ahern’s equitable claim for unjust enrichment. We disagree.
 

 The unclean hands doctrine generally “bars a party from receiving equitable relief because of that party’s own inequitable conduct.”
 
 [3]
 
 Thus, as the Washington Supreme Court has recognized, the unclean hands doctrine precludes a party from attaining an equitable remedy when that party’s “connection with the subject-matter or transaction in litigation has been unconscientious, unjust, or marked by the want of good faith.’ ’
 
 [4]
 
 For example, in
 
 Evans v. Dean Witter Reynolds,
 
 Inc., we rejected an intentional tortfeasor’s request for an equitable setoff because, “[u]nder the maxim that one seeking equity may not do so with ‘unclean hands,’ an intentional tortfeasor by definition seeks such relief from a position of ineligibility for it.”
 
 [5]
 
 We later clarified
 
 Evans
 
 in
 
 Banks v. Sunrise
 
 
 *276
 

 Hospital,
 
 in which we indicated that a tortfeasor’s unclean hands do not necessarily bar the tortfeasor from obtaining an equitable remedy when the tortfeasor did not act intentionally.
 
 [6]
 

 LVFF now relies on
 
 Evans
 
 and our discussion of it in
 
 Banks
 
 to argue that we have established a per se rule, making equitable recovery unavailable to every “intentional tortfeasor,” whether or not that tort is connected to the subject matter or transaction in litigation. However, LVFF’s reliance on those cases is misplaced; specifically, LVFF overreaches in its interpretation of
 
 Evans
 
 and
 
 Banks,
 
 and we take this opportunity to clarify the circumstances under which a party’s unclean hands may bar that party from obtaining an equitable remedy.
 

 Two-factor unclean hands analysis
 

 In determining whether a party’s connection with an action is sufficiently offensive to bar equitable relief, two factors must be considered: (1) the egregiousness of the misconduct at issue, and (2) the seriousness of the harm caused by the misconduct.
 
 [7]
 
 Only when these factors weigh against granting the requested equitable relief will the unclean hands doctrine bar that remedy.
 
 [8]
 
 The district court has broad discretion in applying these factors, and we will not overturn the district court’s determination unless it is unsupported by substantial evidence.
 
 [9]
 

 The misconduct at issue here did not bar Ahern’s equitable recovery
 

 In this case, the jury found Ahern liable for abuse of process, an intentional tort that requires proof of two elements: (1) an ulterior purpose for bringing a legal action other than resolving a dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding.
 
 [10]
 
 However, LVFF suffered no real damage as a result of Ahern’s abuse of process. Indeed, the jury awarded LVFF only $1 in compensatory damages,
 
 *277
 
 demonstrating the relative harmlessness of Ahern’s misconduct in bringing its unsupported breach of contract claim.
 
 [11]
 

 In light of the above, we conclude that Ahern’s misconduct (1) was not egregious, and (2) did not cause LVFF any serious harm. Although both Ahern’s breach of contract and unjust enrichment claims were part of the same litigation, the district court found that Ahern abandoned its breach of contract claim well before trial. Thus, while Ahern’s breach of contract claim may have been improper, Ahern remedied that problem by abandoning the action early on, instead focusing on its colorable unjust enrichment claim. This course of conduct does not represent the type of inequitable, unjust, or unconscientious behavior that should bar equitable recovery.
 
 [12]
 
 Instead, it shows an affirmative attempt to minimize any harm caused by that misconduct.
 
 [13]
 
 Accordingly, we conclude that the district court properly determined that the unclean hands doctrine did not preclude Ahern’s unjust enrichment claim.
 
 [14]
 

 The district court did not abuse its discretion in awarding attorney fees
 

 Separately, LVFF contends that the district court abused its discretion in granting Ahern’s motion for attorney fees after LVFF
 
 *278
 
 failed to file a timely opposition pursuant to EDCR 2.20(b), which provides that a party must serve and file a written opposition to an opposing party’s motion within ten days after service of the motion, and that the failure to serve and file a written opposition may be construed as an admission that the motion is meritorious and a consent to granting it. However, since nothing in the record suggests that the district court abused its discretion in treating LVFF’s failure to file a timely opposition as an admission that Ahern’s motion was meritorious, we affirm the district court’s attorney fees award.
 
 [15]
 

 The district court did not err in awarding costs
 

 Finally, LVFF contends that the district court abused its discretion in awarding Ahern costs because Ahem failed to file an effective memorandum of costs. Under NRS 18.110, a party who claims costs must file a memorandum with the district court “within 5 days after the entry of judgment.” According to LVFF, NRS 18.110 requires that all memoranda of costs be filed
 
 after
 
 the entry of judgment, and because Ahern filed its cost motion before the district court entered its judgment, Ahern’s motion was improper.
 

 LVFF’s interpretation of NRS 18.110 is too narrow. That statute plainly sets a deadline for an application of
 
 costs
 
 — i.e., five days after the entry of judgment. The statute does not, as LVFF contends, establish a short, five-day window during which a prevailing party may file its memorandum. Although some parties may wait to file a memorandum of costs until after the district court enters judgment, waiting is not a requirement. Here, Ahern filed its memorandum of costs even before the district court had entered its judgment — well within NRS 18.110’s deadline. Thus, we affirm the district court’s award of costs in Ahern’s favor.
 

 CONCLUSION
 

 Because Ahern’s misconduct underlying LVFF’s abuse of process judgment against it was neither egregious nor seriously harmful to LVFF, we conclude that the unclean hands doctrine does not bar Ahern’s equitable recovery from LVFF in this case. We further conclude that the district court did not abuse its discretion in awarding Ahern attorney fees and costs. Accordingly, we affirm the district court’s judgment in its entirety.
 

 Hardesty and Douglas, JJ., concur.
 

 [1]
 

 LVFF and Ahem continue to dispute whether this rental invoice, which lists Signature as the lessee of the rented equipment, represented a contractual agreement solely between Ahern and Signature or whether LVFF was also a contracting party.
 

 [2]
 

 Although the district court’s final judgment does not make clear that its award is based on unjust enrichment (as opposed to Ahern’s “monies due and owing” claim), during a post-trial hearing, the court did specify the basis of its award as unjust enrichment.
 

 [3]
 

 Food Lion, Inc. v. S.L. Nusbaum Ins. Agency, Inc.,
 
 202 F.3d 223, 228 (4th Cir. 2000).
 

 [4]
 

 Income Investors
 
 v.
 
 Shelton,
 
 101 P.2d 973, 974 (Wash. 1940).
 
 See also Gravelle v. Burchett,
 
 73 Nev. 333, 341-42, 319 P.2d 140, 144-45 (1957) (noting that the unclean hands doctrine does not apply unless the misconduct at issue is “connected with the matter in litigation so that it has in some manner affected the equitable relations subsisting between the parties and arising out of the transaction”). Since Ahern has not contended that its “abuse of process” was unconnected with the subject matter or transaction in litigation, we will not address that issue further.
 

 [5]
 

 116 Nev. 598, 610, 5 P.3d 1043, 1050-51 (2000).
 

 [6]
 

 120 Nev. 822, 843, 102 P.3d 52, 66 (2004).
 

 [7]
 

 See Income Investors,
 
 101 P.2d at 974;
 
 cf. Evans,
 
 116 Nev. at 610, 5 P.3d at 1050-51;
 
 Banks,
 
 120 Nev. at 843, 102 P.3d at 66.
 

 [8]
 

 See Evans,
 
 116 Nev. at 610, 5 P.3d at 1050-51;
 
 Banks,
 
 120 Nev. at 843, 102 P.3d at 66;
 
 Income Investors,
 
 101 P.2d at 974;
 
 see also Smith v. Smith,
 
 68 Nev. 10, 24, 226 P.2d 279, 286 (1951) (recognizing that because “the unclean hands maxim is one founded on public policy, public policy may require its relaxation”).
 

 [9]
 

 See University Sys. v. Nevadans for Sound Gov’t,
 
 120 Nev. 712, 721, 100 P.3d 179, 187 (2004) (recognizing the district court’s discretion in granting equitable injunctive relief).
 

 [10]
 

 Posadas v. City of Reno,
 
 109 Nev. 448, 457, 851 P.2d 438, 444-45 (1993).
 

 [11]
 

 Neither party has challenged the jury’s verdict or its award of damages on appeal.
 

 [12]
 

 Income Investors,
 
 101 P.2d at 974.
 

 [13]
 

 By comparison, the misconduct at issue in
 
 Evans
 
 — where the defendants converted millions of dollars from the estate of an elderly, mentally incompetent and physically disabled client — was highly egregious and directly connected to the defendants’ request for “equitable setoffs” based on payments made to the plaintiff by third parties. 116 Nev. at 602-06, 610, 5 P.3d at 1045-48, 1050-51.
 

 [14]
 

 LVFF also argues that substantial evidence does not support the district court’s unjust enrichment award. We conclude that this argument lacks merit since the record supports the district court’s conclusion that LVFF accepted, retained, and appreciated a benefit conferred by Ahern.
 
 Topaz Mutual Co. v. Marsh,
 
 108 Nev. 845, 856, 839 P.2d 606, 613 (1992). Although LVFF contends that it paid for the materials rented from Ahern (through Signature Events), the parties disputed this contention at trial, and the district court ultimately agreed with Ahern. Since the district court’s decision in Ahern’s favor was not clearly erroneous, and we are not free to reweigh the evidence on appeal, we reject LVFF’s argument on this point.
 
 See Flamingo Realty v. Midwest Development,
 
 110 Nev. 984, 990-91, 879 P.2d 69, 73 (1994) (refusing to reweigh evidence on appeal where the district court’s conclusions were not clearly erroneous). Similarly, we reject LVFF’s argument that Ahern was precluded from seeking equitable relief from it because Ahern had an adequate legal remedy based on Ahern’s separate agreements with Signature Events and LVFF’s former president, Davis. Specifically, substantial evidence supports the district court’s conclusion that Ahem did not have an adequate legal remedy available to it.
 
 See id.
 

 [15]
 

 EDCR 2.20(b). Although LVFF eventually filed an opposition to Ahern’s motion, this opposition was untimely, and the district court did not abuse its discretion in treating it as such.