FILED

**NOT FOR PUBLICATION**

MAR 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | No. 10-35145 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 3:08-cv-05394-BHS |
| v. | MEMORANDUM[*] |
| RICHARD L. KOCH, | |
| Defendant-counter-claimant - Appellant. | |

| | |
|---|---|
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | No. 10-35185 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 3:08-cv-05394-BHS |
| v. | |
| RICHARD L. KOCH, | |
| Defendant-counter-claimant - Appellee. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted March 9, 2011
Seattle, Washington

Before: McKEOWN, FISHER, and GOULD, Circuit Judges.

This appeal arises from the rescission of Richard L. Koch's three disability insurance policies by Northwestern Mutual Life Insurance Company. While investigating Koch's claim for coverage, Northwestern Mutual discovered that Koch had made false statements about past treatment for bipolar depression in connection with his policy applications. Northwestern Mutual filed this action seeking ratification of its decision to rescind Koch's policies; Koch answered with counterclaims for breach of contract, violation of Washington's Insurance Fair Conduct Act ("IFCA"), and bad faith. The district court granted motions by Northwestern Mutual for summary judgment as to two of the policies. Then, at trial, the district court granted a motion for judgment as a matter of law on Koch's IFCA and bad faith counterclaims. The jury returned a verdict in Koch's favor on the remaining claims, which related to one policy. Both parties appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

# I

We reject Koch's challenge to the district court's partial grant of summary judgment in favor of Northwestern Mutual. Washington law permits rescission of a disability insurance policy on account of oral false statements. Wash. Rev. Code § 48.18.090(1); *see Cutter & Buck, Inc. v. Genesis Ins. Co.*, 306 F. Supp. 2d 988, 1001 (W.D. Wash. 2004). Koch argues that § 48.18.090(2) governs all statements made in connection with disability insurance policies, requiring any actionable misrepresentation to be in writing, but we read that subsection to govern only statements made in writing on applications for life or disability insurance.

The district court also correctly held that Northwestern Mutual had established the elements of materiality and deceptive intent because Koch did not adduce sufficient evidence to show a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). While the fact that an insured had preexisting coverage when applying for new policies may, considered with other evidence, support a finding that the insured's misstatements were innocent, *Kay v. Occidental Life Ins. Co.*, 183 P.2d 181, 184 (Wash. 1947), this fact is not alone sufficient to create a jury question, particularly where, as here, obtaining *better* coverage gave the insured an incentive to lie, and a presumption is present that the insured's intent was deceptive, *id.* at 302.

**II**

We reject Northwestern Mutual's challenge to the district court's rulings regarding admissibility of evidence and jury instructions. The district court did not abuse its discretion when it excluded evidence of its summary judgment ruling while admitting evidence of the false statements at issue on summary judgment. Although evidence of prior wrongs is normally admissible to show intent, Fed. R. Evid. 404(b), it is inadmissible if it may be substantially more prejudicial than probative, Fed. R. Evid. 403. *See United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc). Evidence of a trial judge's interlocutory ruling may be highly prejudicial, *see Quercia v. United States*, 289 U.S. 466, 470 (1933) ("The influence of the trial judge on the jury is necessarily and properly of great weight and his lightest word or intimation is received with deference, and may prove controlling."), and the district court did not abuse its discretion by excluding such evidence here.

We need not decide if the district court erred by omitting a jury instruction about a presumption of deceptive intent; any error was harmless. *See Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992) ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless."). Had the jury been instructed to determine whether Koch had

4

overcome a presumption of deceptive intent on Northwestern Mutual's rescission claim, the jury's intent inquiry would have been substantially the same as it was for Koch's breach of contract claim. As to the breach of contract claim, the jury found that Koch proved innocent intent.

## III

We reject challenges by Koch and Northwestern Mutual to the district court's resolution of Northwestern Mutual's motion for judgment as a matter of law. The district court properly granted judgment as a matter of law on Koch's counterclaims for bad faith and violation of the IFCA. *See* Wash. Rev. Code § 48.30.015. At trial, Koch produced no evidence that Northwestern Mutual's decision to rescind Koch's policies was based on an unreasonable interpretation of the policies or controlling law. *See Overton v. Consol. Ins. Co.*, 38 P.3d 322, 329 (Wash. 2002) ("If the insurer's denial of coverage is based on a reasonable interpretation of the insurance policy, there is no action for bad faith.").

The district court correctly denied judgment as a matter of law on the rescission and breach of contract claims. Koch's testimony, in which he presented

a plausible account of his innocent intent, provides an adequate evidentiary basis for the jury's verdict.[1]

## IV

Finally, we reject Koch's challenge to the district court's denial of his motion for *Olympic Steamship* attorneys' fees. *See Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 811 P.2d 673, 681 (Wash. 1991) ("[A]n award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract."). The district court did not abuse its discretion when it concluded that: (1) an award of *Olympic Steamship* fees is an equitable remedy, *Polygon Nw. Co. v. Am. Nat'l Fire Ins. Co.*, 189 P.3d 777, 799 (Wash. Ct. App. 2008); (2) equitable remedies are not available to parties with unclean hands, *Income Investors v. Shelton*, 101 P.2d 973,

---

[1] The district court's denial of judgment as a matter of law as to the 1994 policy is not inconsistent with it grant of summary judgment as to the 1992 policies. The grant of summary judgment was based on (1) Koch's false statement during the oral interview for which he had no plausible innocent account, and (2) Koch's failure to adduce sufficient circumstantial evidence of his innocent intent. By contrast, at trial, Koch did present a plausible innocent account of his 1994 misstatements and Koch presented supporting circumstantial evidence that he had not adduced at summary judgment, including that his answers to the insurance application questions were consistent with his answers to questions in unrelated patient questionnaires.

974 (Wash. 1940); and (3) Koch, although prevailing in part of this action, was adjudicated at summary judgment as having acted with unclean hands.

The parties shall bear their own costs on appeal.

**AFFIRMED.**

*Northwestern Mut. Life Ins. Co. v. Koch*, 10-35145+

FISHER, J., dissenting in part:

I respectfully dissent from that portion of Section I of the disposition affirming the district court's partial grant of summary judgment in favor of Northwestern Mutual. The district court's conclusion, on summary judgment, that there was no genuine issue of material fact as to Koch's intent to deceive is in tension with its later ruling on Northwestern Mutual's motion for judgment as a matter of law that there was sufficient evidence to support a jury finding in Koch's favor on that element. Koch already had insurance at the time he obtained the 1992 policies, creating a question of fact (and credibility) whether he had a motive to deceive Northwestern Mutual. The jury should have been allowed to decide whether Koch acted with deceptive intent in obtaining the 1992 policies, just as it was regarding the 1994 policy. *See Kay v. Occidental Life Ins. Co.*, 183 P.2d 181, 182 (Wash. 1947).

Accordingly, I would also remand for reconsideration Koch's entitlement to attorney's fees (Section IV), in light of the incorrect summary judgment on the claim for rescission of the 1992 policy.