# IN THE SUPREME COURT OF THE STATE OF NEVADA

LINDA C. TERRY,
Appellant,
vs.
DEAN ALAN CRUEA,
Respondent.

No. 71930

FILED

OCT 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order refusing to award costs in a family law matter. Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.

After agreeing on child custody, appellant Linda Terry and respondent Dean Cruea went to trial regarding the remaining issues of child support and attorney fees. Before the court entered its written decision, Terry, as the prevailing party, filed and later served a verified memorandum of costs. Cruea did not file a motion to retax the costs as allowed by NRS 18.110(4) (giving a party three days after service of the memorandum of costs to challenge the costs claimed by the prevailing party). The court then entered its order, awarding $925 in monthly child support to Terry and awarding her an unspecified amount of attorney fees. The court also directed Terry to file a request for attorney fees addressing the factors laid out in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969), which Terry failed to do in a timely manner.

After Terry failed to timely file her request for attorney fees, a new judge was assigned to preside over the parties' case. Despite the untimeliness of Terry's attorney fees request, the district court awarded her

17-35007

attorney fees and costs, albeit in an amount less than she requested, but did not apportion the award. On appeal from that decision, we concluded that the award of attorney fees was improper if it was based on Terry being the prevailing party because the motion was not made within 20 days of the district court's order. *Cruea v. Terry*, Docket No. 65582 (Order Affirming in Part, Reversing in Part, and Remanding, Dec. 18, 2015); *see also* NRCP 54(d)(2)(A)-(B) (requiring an attorney fees request to be made by motion and within 20 days after notice of the judgment's entry is served). We reversed and remanded, however, because the award would be proper if the district court awarded it as a sanction under NRCP 54(d)(2)(C) (exempting a request for attorney fees awarded as a sanction from the 20-day filing deadline). *Cruea,* Docket No. 65582.

On remand, it was determined that the attorney fees award was based on Terry being a prevailing party, thus the award was no longer valid. Terry filed a motion for clarification or to amend the judgment, arguing that she still had a right to an award of her costs as Cruea had never challenged that award. Cruea responded that Terry failed to timely request costs and that our prior order reversed the costs award, thus Terry was not entitled to any award of costs. The district court agreed with Cruea and refused to enter an amended judgment awarding Terry her costs. This appeal followed.

On appeal, Cruea again argues that Terry is not entitled to costs because the request was untimely, relying on our prior order to support that argument. We disagree. First, the request for costs was not untimely as Terry filed the memorandum of costs before the district court entered its judgment. *See* NRS 18.110(1) (allowing a prevailing party to file a memorandum of costs "within 5 days after the entry of judgment"); *Las*

 

*Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 124 Nev. 272, 278, 182 P.3d 764, 768 (2008) (holding that a party need not wait until a judgment is entered to file a memorandum of costs that meets NRS 18.110(1)'s deadline). Second, our order did not hold that the memorandum of costs was untimely and, in fact, did not address the award of costs at all. *See Cruea*, Docket No. 65582. Accordingly, neither timeliness nor our prior order bars an award of costs in this case.

Turning to Terry's arguments on appeal, she asserts that she was the prevailing party below[1] and, because the memorandum of costs was timely and Cruea did not move to retax those costs, she is entitled to an award of all the costs sought in the memorandum. We agree; by failing to file a motion to retax costs,[2] Cruea waived any appellate review of that issue, *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 493, 117 P.3d 219, 227 (2005) (concluding that a party waived any appellate review of the award of costs by not filing a timely motion to retax and settle the costs), and we therefore will not consider it. And, because Terry sought to

---

[1]Cruea argues that Terry is not entitled to costs as a prevailing party because, although she prevailed on the child support issue, the parties settled the child custody issue, which is where he alleges the majority of costs were incurred. Despite the settlement on the child custody issue, Terry can still be awarded costs as a prevailing party because "a party prevails if it succeeds on *any significant issue* in litigation which achieves some of the benefit it sought in bringing the suit." *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev., Adv. Op. 10, 343 P.3d 608, 615 (2015) (internal quotation marks omitted). This argument therefore fails.

[2]While we recognize that Cruea filed an opposition to the untimely motion for attorney fees, which included a copy of the previously-filed memorandum of costs, that fails to satisfy NRS 18.110(4)'s requirement that a motion to retax costs be filed within 3 days of service of the memorandum.

recover more than $2500 and prevailed, "[c]osts must be allowed." NRS 18.020(3). Based on the foregoing, we reverse and remand this case to the district court for it to enter an order awarding Terry her costs as requested in her memorandum of costs.

It is so ORDERED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. William S. Potter, District Judge, Family Court Division
        Bowen Law Offices
        Dean Alan Cruea
        Eighth District Court Clerk

---

[3]Based on our decision herein, we necessarily deny Cruea's request that we sanction Terry for filing a frivolous appeal.