NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HSBC BANK USA, N.A., as Trustee for the Holders of the Deutsche Alt-A-Securities Mortgage Loan Trust, Series 2007-1 Pass-Through Certificates, <br><br> Plaintiff – Appellant, <br><br> v. <br><br> GREEN VALLEY PECOS HOMEOWNERS ASSOCIATION, INC., <br><br> Defendant – Appellee; <br><br> ABSOLUTE COLLECTIONS SERVICES, LLC, <br><br> Defendant – Appellee; <br><br> MIKE SHORT, <br><br> Defendant – Counter-Claimant – Appellee. | No.    17-16800 <br><br> D.C. No. 2:16-cv-00242-JCM-GWF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 10, 2019**

---

   *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: BEA, COLLINS, and BRESS, Circuit Judges.

HSBC Bank USA, N.A. ("HSBC") appeals the district court's grant of Green Valley Pecos Homeowners Association, Inc.'s ("Green Valley") motion to dismiss HSBC's quiet title claim as to Green Valley, as well as the district court's grant of summary judgment to Mike Short on both HSBC's quiet title claim and Short's counterclaims for quiet title and declaratory relief.[1] We assume familiarity with the facts and procedural history and discuss them only as necessary to explain our decision.

Nevada law permits a homeowners association ("HOA") to collect unpaid HOA dues by attaching liens on properties. *See SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 334 P.3d 408, 409 (Nev. 2014). Under Nevada law, a portion of these liens is given "superpriority" status, and if an HOA forecloses on a superpriority lien, the foreclosure extinguishes all junior liens—including a mortgage lender's first deed of trust. *See id.* But a lender can preserve its deed of trust by tendering

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The district court's quieting title in Short necessarily meant that HSBC's quiet title claim failed as a matter of law as to additional defendant Absolute Collection Services, LLC. The district court's summary judgment order therefore disposed of all claims in the case, thereby giving us jurisdiction under 28 U.S.C. § 1291. That jurisdiction is not affected by the fact that the clerk subsequently entered "judgment" on a separate document only as to the claims between Short and HSBC. *See* Fed. R. App. P. 4(a)(7)(B).

the amount of the HOA's superpriority lien to the HOA prior to foreclosure. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc).

Invoking the doctrine of "unclean hands," the district court granted Green Valley's motion to dismiss HSBC's quiet title claim based on the failure of HSBC's predecessor-in-interest to tender the amount set forth in the notice of default in advance of the HOA foreclosure sale at which Short purchased the property in question. The district court subsequently granted Short's motion for summary judgment on the basis of what it characterized as "an insufficient tender" that was "rejected" prior to the foreclosure sale.

Intervening Nevada law has established that the rejection by an HOA of a lender's offer to tender the amount of the HOA's superpriority lien operates to preserve the lender's interest. *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1218 (Nev. 2019), *reh'g en banc granted*, Order Granting En Banc Reconsideration, No. 73785 (Sept. 24, 2019), Doc. No. 19-39646. HSBC's complaint alleged that Green Valley's agent "reject[ed] . . . HSBC's predecessor's attempt to tender the super-priority component of the lien." Given that the district court has not had an opportunity to address this allegation in light of *Thomas Jessup*, and given the unclear state of the record regarding the alleged rejection, we conclude that these issues are best addressed in the first instance by the district court on remand. We note, however, that the district court erred in concluding that

3

a failure to make an adequate tender implicates the "unclean hands" doctrine. Whether or not the HOA's alleged rejection of the bank's attempt to tender the superpriority portion of the lien warrants relief to the bank under *Jessup*, any inadequacy in that tender does not amount to the sort of "egregious[] . . . misconduct" necessary to constitute unclean hands. *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 182 P.3d 764, 767 (Nev. 2008).

To the extent that HSBC raises a separate due process challenge to the foreclosure sale, the district court erred in holding that HSBC lacked standing to raise that challenge. "Many cases reflect the premise that a valid assignment confers upon the assignee standing to sue in place of the assignor." *Misic v. Bldg. Serv. Emps. Health & Welfare Tr.*, 789 F.2d 1374, 1378 (9th Cir. 1986) (per curiam); *see also* Nev. Rev. Stat. § 104.3203(2). To the extent that HSBC attempts to raise a due process challenge that has not been foreclosed by our precedents, *see Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623–24 (9th Cir. 2019) (citing *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1250–53 (Nev. 2018)), it may do so on remand. HSBC also raises other arguments for setting aside the foreclosure sale that the district court did not address. Those too may be addressed on remand.

Accordingly, the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this memorandum.

4