# IN THE SUPREME COURT OF THE STATE OF NEVADA

MUSCLEPHARM CORPORATION;
RYAN DREXLER; BRIAN CASUTTO;
WILLIAM BUSH; AND JOHN
DESMOND,
Petitioners,
vs.
THE FIRST JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CARSON CITY; AND THE
HONORABLE JAMES TODD RUSSELL,
DISTRICT JUDGE,
Respondents,
    and
WHITE WINSTON SELECT ASSET
FUND SERIES FUND MP-18, LLC;
WHITE WINSTON SELECT ASSET
FUNDS, LLC; AND BRENT BAKER,
Real Parties in Interest.

No. 79163

FILED

MAR 24 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order granting a motion for reconsideration of real parties in interests' motion for a protective order and denying petitioners' motion to compel discovery in a shareholder derivative action.

Having considered the petition, supporting documentation, and the oral arguments of the parties, we are not persuaded that our extraordinary and discretionary intervention is warranted. NRS 34,160; *Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194,

21-08455

1196 (2020) (setting forth the requisites for issuance of mandamus relief); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition).

In particular, we are not persuaded under this court's precedent that the district court committed either a legal error or abused its discretion. *See Walker*, 136 Nev., Adv. Op. 80, 476 P.3d at 1197 ("Where a district court *is* entrusted with discretion on an issue, "the petitioner's burden to demonstrate a clear legal right to a particular course of action by that court is substantial; we can issue traditional mandamus only where the lower court has *manifestly* abused that discretion or acted arbitrarily or capriciously."); *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (stating that traditional mandamus relief does not lie where a discretionary lower court decision "'result[s] from a mere error in judgment'"; instead, mandamus is available only where "'the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will'") (quoting *Blair v. Zoning Hearing Bd. of Twp. of Pike*, 676 A.2d 760, 761 (Pa. Commw. Ct. 1996)); *see also Segovia v. Eighth Judicial Dist. Court*, 133 Nev. 910, 912, 407 P.3d 783, 785 (2017) ("A writ of mandamus is available . . . to control a manifest abuse or an arbitrary or capricious exercise of discretion" (internal quotation marks omitted)). Specifically, the communications between local counsel for real parties in interest and their out-of-state counsel—which arose in separate litigation, and pertain to

factual allegations related to alleged fraudulent transfers of money and potential ill-gotten gains that underlie both cases—are irrelevant in proving a claim of uncleans hands. *See Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.* 124 Nev. 272, 276, 182 P.3d 764, 767 (2008) (clarifying that to determine "whether a party's connection with an action is sufficiently offensive to bar equitable relief [under the unclean hands doctrine], two factors must be considered: (1) the egregiousness of the misconduct at issue, and (2) the seriousness of the harm caused by the misconduct."). Here, MusclePharm failed to articulate how counsel's communications meet those elements. Thus, we conclude the district court did not manifestly abuse its discretion when it granted White Winston a protective order and denied MusclePharm's motion to compel. *See* NRCP 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case . . . .").

Further, petitioners failed to meet their burden of demonstrating that the decision here fits within the narrow exceptions warranting extraordinary relief despite the availability of an adequate legal remedy—an appeal. NRS 34.170; *see, e.g., Okada v. Eighth Judicial Dist. Court,* 134 Nev. 6, 10, 408 P.3d 566, 570 (2018) (emphasizing that "generally this court will not consider writ petitions challenging orders denying discovery, as such discretionary rulings typically may be adequately redressed on direct appeal from an adverse final judgment"). Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. James Todd Russell, District Judge
Brownstein Hyatt Farber Schreck, LLP/Reno
Kasowitz Benson Torres LLP
Allison MacKenzie, Ltd.
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Ballard Spahr LLP/Las Vegas
Ballard Spahr LLP/Philadelphia
Kaempfer Crowell/Reno
Carson City Clerk