# IN THE SUPREME COURT OF THE STATE OF NEVADA

SYLVIA NICOLE,
Appellant,
vs.
SETERUS, INC.; FEDERAL NATIONAL
MORTGAGE ASSOCIATION; SELENE
FINANCE; AND BRECKENRIDGE
PROPERTY FUND 2016,
Respondents.

No. 79459

**FILED**

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a district court order granting a motion to dismiss in a wrongful foreclosure action and from an order denying NRCP 60(b) relief.[1] Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Respondents Seterus, Inc., Federal National Mortgage Association, and Selene Finance (the bank respondents) moved to dismiss appellant's complaint under NRCP 12(b)(5). Appellant did not timely oppose this motion, and at the bank respondents' request, the district court dismissed appellant's complaint under EDCR 2.20(e). We are not persuaded that the district court abused its discretion in dismissing appellant's complaint under this rule. *See Las Vegas Fetish & Fantasy*

---

[1]Respondent Breckenridge Property Fund 2016 argues that this court has jurisdiction to consider only the appeal from the order denying NRCP 60(b) relief. We conclude that we also have jurisdiction to consider the appeal from the dismissal order, as we are not persuaded that Breckenridge was misled by appellant's notice of appeal. *See Abdullah v. State*, 129 Nev. 86, 90-91, 294 P.3d 419, 421 (2013) ("[T]he notice of appeal is not intended to be a technical trap for the unwary draftsman, [and] this court will not dismiss an appeal where the intent to appeal from a final judgment can be reasonably inferred and the respondent is not misled.").

*Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 124 Nev. 272, 278, 182 P.3d 764, 768 (2008) (reviewing for an abuse of discretion a district court's decision to grant a motion based on the adversarial party's failure to oppose it). In particular, the district court found that appellant had not been diligent in updating her mailing address, which is a finding that appellant does not meaningfully dispute on appeal.[2] However, we agree with appellant that the dismissal should have been without prejudice, particularly given respondents' failure to specifically address this issue. *See Hunter v. Gang*, 132 Nev. 249, 260 377 P.3d 448, 455 (Ct. App. 2016) ("[A] dismissal with prejudice is a harsh remedy to be utilized only in extreme situations." (internal quotation marks omitted)); *see also Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (recognizing that failure to respond to an argument can be treated as a confession of error).

Accordingly, we affirm the district court's order dismissing appellant's complaint in part and reverse it to the extent that it dismissed the complaint *with prejudice*.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.          _____, J.
Stiglich                              Silver

---

[2]For the same reasons, we conclude that the district court was within its discretion to deny appellant's request for NRCP 60(b) relief. *Willard v. Berry-Hinckley Indus.*, 136 Nev., Adv. Op. 53, 469 P.3d 176, 179 (2020) ("We review the denial of an NRCP 60(b)(1) motion for an abuse of discretion."). We therefore affirm that order.

cc: Hon. Susan Johnson, District Judge
Pisanelli Bice, PLLC
Wedgewood, LLC
Wright, Finlay & Zak, LLP/Las Vegas
Hutchison & Steffen, LLC/Las Vegas
Eighth District Court Clerk